**UNITED STATES of America,
Appellee,**

v.

**Rafat ZAKHARY, a/k/a "Rezk
Mekhaeil," Defendant–
Appellant.**

**Docket No. 02–1750.**

United States Court of Appeals,
Second Circuit.

Argued: Oct. 29, 2003.

Decided: Feb. 4, 2004.

Lee J. Freedman, Assistant United States Attorney, Eastern District of New York (Roslynn R. Mauskopf, United States Attorney; Emily Berger, Assistant United States Attorney, of counsel) Brooklyn, New York, for Appellee.

Richard D. Willstatter, Green & Willstatter, White Plains, New York, for Defendant–Appellant.

Before: KEARSE, McLAUGHLIN, and RAGGI, Circuit Judges.

RAGGI, Circuit Judge.

Defendant–Appellant Rafat Zakhary was convicted in the Eastern District of New York (Sterling Johnson, Jr., *Judge*) of one count of conspiracy to traffic in unauthorized access devices—specifically, credit cards—in violation of 18 U.S.C. § 1029(b)(2). In now appealing his November 25, 2002 judgment of conviction, Zakhary does not dispute his guilt, nor does he challenge the validity of his guilty plea or the court's sentence of one year and one day incarceration, two years' supervised release, and a $100 special assessment. Zakhary's single appellate challenge is to that part of the judgment of conviction ordering him to pay $67,000 in restitution.[1] Zakhary argues that the restitution order is invalid because it was not

---

1. Although Zakhary's guilty plea was entered pursuant to an agreement providing for waiver of his right to appeal, the government concedes that the particular waiver in this case does not preclude Zakhary from pursuing the instant legal challenge to the district court's restitution order. *See generally United States v. Ready*, 82 F.3d 551, 556–60 (2d Cir. 1996).

based on a determination of each identifiable victim's losses, as required by 18 U.S.C. §§ 3663A(c)(1)(B) and 3664(f)(1)(A). The government concedes error on this point and consents to our vacating that part of the judgment and remanding the case for resentencing as to restitution.

Where the parties sharply differ is on the appropriate scope of the remand. Relying on 18 U.S.C. § 3664(d)(5), which requires identifiable victims' losses to be determined no later than ninety days after sentencing, Zakhary argues that this time bar precludes the district court from now identifying further victims or their losses. He submits that restitution must be limited on remand to the only identified victim loss determined within the statutory period: a $1,145 fraudulent charge paid by Providian National Bank. Mindful that this court has previously held that a failure to determine losses within the § 3664(d)(5) time period will be deemed harmless error unless a defendant can show actual prejudice from the delay, *see United States v. Stevens*, 211 F.3d 1, 5 (2d Cir.2000); *accord United States v. Catoggio*, 326 F.3d 323, 329–330 (2d Cir.), *cert. denied*, —— U.S. ——, 124 S.Ct. 264, 157 L.Ed.2d 252 (2003), Zakhary urges us to limit this rule to cases where the defendant contributes or consents to the delay. We decline this invitation and hold that a presumption of harmlessness applies to any error in the timely identification of victims' losses. Because Zakhary has not demonstrated prejudice from the error in his case, we remand for resentencing on restitution without imposing the requested limit on the district court's ability to determine each identifiable victim's losses and to order full restitution as required by law.

I. *Background*

A. *The Crime of Conviction*

Rafat Zakhary was named, together with twelve other persons, in a one-count indictment charging conspiracy to commit credit card fraud in violation of 18 U.S.C. § 1029(b)(2). In furtherance of the conspiracy, various individuals supplied their credit cards and personal histories to "brokers," who used the information to obtain additional credit cards. The brokers then brought the new credit cards to corrupt merchants who processed fraudulent charges on the accounts. After receiving payment for these charges, the merchants shared a percentage of their illicit receipts with the brokers, who, in turn, provided a portion of the payment to the original credit card holders.

Zakhary participated in the scheme both as a supplier of credit cards and as a broker of other persons' cards. Further, Zakhary permitted another broker in the scheme to process fraudulent charges on a credit card terminal registered in the name of his wife's manicure business. The indictment attributed a single overt act to Zakhary: his December 21, 2000 use of a credit card in Queens, New York, to incur a fraudulent charge of $1,145 on a Visa card issued by Providian National Bank.

On April 19, 2002, Zakhary pleaded guilty to the single-count indictment. Both the prosecution, in the plea agreement, and the district court, at allocution, advised Zakhary that at sentence he could be ordered to pay restitution to victims of the conspiracy. Apparently, it was never contemplated that Zakhary would be obligated to make restitution for the total loss caused by the conspiracy: $1,784,039. Rather, the district court would determine the losses fairly attributable to Zakhary's own criminal conduct.

In allocuting to his guilt, Zakhary admitted that his activities had likely caused $80,000 in losses, and that his personal share of the scheme's profits was approximately $10,000.

## B. *The Restitution Order*

In its initial Pre–Sentence Report ("PSR") to the district court, the Probation Department ("Probation") reported that a government agent had roughly estimated Zakhary's conduct to have caused $70,000 to $120,000 in victims' losses. Both in calculating Zakhary's guideline sentencing range and in recommending a restitution amount, Probation relied on the lower $70,000 figure, which was closer to Zakhary's own loss estimate at his plea allocution. Probation advised the district court that an order of restitution was mandated in Zakhary's case by 18 U.S.C. § 3663A, but that no more specific accounting of victims' losses was then possible because the government had failed to provide victim contact information.

In written objections to the PSR, Zakhary challenged, *inter alia*, the $70,000 restitution recommendation because of the absence of the "complete accounting of the losses to each victim" provided for in 18 U.S.C. § 3664(a), including an accounting as to whether victims had been reimbursed for losses by their insurers. In its responsive PSR addendum, Probation maintained that Zakhary was accountable for $70,000 in restitution, although it acknowledged that the only specifically identified victim loss to date was the fraudulent $1,145 charge paid by Providian National Bank.

When Zakhary appeared for sentencing on November 22, 2002, the government reported that it had recalculated the loss attributable to him and determined the amount to be $67,000. Defense counsel did not dispute this lower figure, but continued to object to any order of restitution in the absence of an accounting of specific victims' losses. The government responded that the victims of Zakhary's fraud were credit card companies, which it insisted had been identified. Without further findings, the district court ordered Zakhary to pay $67,000 in restitution to the Eastern District Clerk of Court, such payment to be made at the rate of $750 per month when Zakhary began his term of supervised release.

The question of restitution arose again on November 25, 2002, when the parties appeared before the district court for a correction in the sentence's term of supervised release. Defense counsel reiterated his argument that the government had not identified the specific credit card companies that had sustained losses from transactions engaged in by Zakhary. The government responded that if it was mistaken in its understanding that a list of victims' losses had been provided to Probation, it would supply the necessary information. Upon confirming that the defense did not dispute the total loss figure of $67,000, the district court adhered to its original $67,000 restitution order, modifying it only to permit repayment at the rate of 10% of Zakhary's gross income rather than a fixed $750 per month.

The government now concedes that it did not supply Probation or the district court with a list of victims' losses attributable to Zakhary either before November 25, 2002, or ninety days thereafter. At oral argument before this court, it suggested that it could do so on remand. Indeed, government counsel observed that the identifiable losses presently attributable to Zakhary might be as high as $180,000.

## II. *Discussion*

### A. *Mandatory Restitution to Identified Victims*

■ The Mandatory Victims Restitution Act of 1996, as codified at 18 U.S.C. § 3663A and the post–1996 version of 18 U.S.C. § 3664, requires a court to order full restitution to the identifiable victims of certain crimes, including fraud, without regard to a defendant's economic circumstances. *Id.* §§ 3663A(c)(1),

3664(f)(1)(A); [2] *see United States v. Lucien*, 347 F.3d 45, 53 (2d Cir.2003) (comparing mandatory restitution under § 3663A and discretionary restitution under § 3663). But, as this court recently made plain in *United States v. Catoggio*—a case decided after Zakhary's sentence—such mandatory restitution "can only be imposed to the extent that the victims of a crime are actually identified," 326 F.3d at 328 (citing § 3663A(c)(1)(B)).[3] A lump sum restitution order entered without any identification of victims and their actual losses is not permissible. *Id.; see also United States v. Grimes*, 173 F.3d 634 (7th Cir.1999) (vacating $500,000 restitution order entered without identification of victims or determination of their particular losses).

The procedures for identifying victims and the losses they sustained as a result of a defendant's criminal conduct are set forth in § 3664. The sentencing court may direct a probation officer to prepare a report providing "a complete accounting of the losses to each victim." 18 U.S.C. § 3664(a). To facilitate the preparation of this report, § 3664(d)(1) provides for the prosecutor, upon request of the probation officer, to consult with victims and, not later than sixty days before the sentencing date, to detail any losses subject to restitution. Section 3664(d)(2) further provides that the probation officer, prior to submitting a report to the court, shall, to the extent practicable, provide notice of the court proceedings to all victims and afford them the opportunity to submit an affidavit detailing any losses subject to restitution. A victim's receipt of or entitlement to insurance compensation for a crime loss may not be considered in determining the amount of restitution. *Id.* § 3664(f)(1)(B). In such a case, "the court shall order that restitution be paid to the person who provided or is obligated to provide the compensation." *Id.* § 3664(j)(1).

Where victims' losses are not ascertainable by a date ten days prior to sentencing, the prosecutor or the probation officer shall so inform the court, and "the court shall set a date for the final determination of the victim's losses, not to exceed 90 days after sentencing." *Id.* § 3664(d)(5). If a victim thereafter discovers losses that could not reasonably have been included in his initial claim for restitution, that victim may, within sixty days of discovering the loss, petition the court for an amended restitution order. *Id.*

■ In this case, Zakhary submits, and the government concedes, that the district court ordered mandatory restitution of $67,000 pursuant to 18 U.S.C. § 3663A without identifying the victims of Zakhary's fraudulent conduct or determining the amount of their individual losses. The omission apparently had its origins in the prosecution's failure to provide information

---

2. Section 3663A(c)(1) states in relevant part:
   This section shall apply to all sentencing proceedings for convictions of ... any offense—(A) that is—... (ii) an offense against property under this title, ... including any offense committed by fraud or deceit; ... and (B) in which an identifiable victim or victims has suffered a physical injury or pecuniary loss.
   Section 3664(f)(1)(A) states:
   In each order of restitution, the court shall order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant.

3. Like *Catoggio*, this case does not present circumstances where identification of a victim's name to a defendant could jeopardize the victim's safety. Thus, we have had no occasion to consider whether the statutory requirement that "an *identifiable* victim or victims has suffered a physical injury or pecuniary loss," 18 U.S.C. § 3663A(c)(1)(B) (emphasis added), might be satisfied without such disclosure.

sought by Probation pursuant to § 3664(d)(1), which, in turn, resulted in Probation's failure to contact victims or afford them the opportunity to be heard contemplated by § 3664(d)(2). The parties further agree that no subsequent identification of victims or determination of their losses was made within ninety days of sentencing.

Under these circumstances, we are obliged to vacate that part of the judgment of conviction ordering restitution and to remand for resentencing on this point. *See United States v. Catoggio*, 326 F.3d at 328.

### B. *The District Court's Determination of Loss on Remand*

Zakhary submits that this court should limit the district court's authority, on remand, to order restitution in the amount of $1,145 in favor of Providian National Bank because this is the only identifiable victim loss that was determined at the original sentence. In response to the government's assertion that it can now identify other victims and their specific losses, Zakhary argues that such a belated accounting is barred by 18 U.S.C. § 3664(d)(5), which requires victims' losses to be determined and an order of restitution entered no later than ninety days after sentencing. *See United States v. Stevens*, 211 F.3d at 4 (holding that " § 3664(d)(5) contemplates the entry of the restitution order within the 90–day period"). We reject Zakhary's argument.

■■■■ As this court has now twice explained, the purpose behind the statutory ninety-day limit on the determination of victims' losses is not to protect defendants from drawn-out sentencing proceedings or to establish finality; rather, it is to pro-

tect crime victims from the willful dissipation of defendants' assets. *See United States v. Catoggio*, 326 F.3d at 330; *United States v. Stevens*, 211 F.3d at 4–5 & n. 2; *see also United States v. Dando*, 287 F.3d 1007, 1110 n. 4, 1111 n. 6 (10th Cir.) (citing approvingly to *Stevens* in concluding that ninety-day limitation period is to protect victims rather than defendants), *cert. denied*, 537 U.S. 917, 123 S.Ct. 301, 154 L.Ed.2d 202 (2002); *United States v. Grimes*, 173 F.3d at 639 (emphasizing that "beneficiaries" of § 3664 procedures "are the victims, not the victimizers"). Similarly, the statutory requirement for individualized, rather than aggregate, loss calculation is aimed primarily at protecting victims, ensuring their receipt of "the prorata share of the restitution funds to which they are entitled." *United States v. Catoggio*, 326 F.3d at 328.[4] Mindful of these goals, we have ruled that a district court's failure to determine identifiable victims' losses within ninety days after sentencing, as prescribed by § 3664(d)(5), will be deemed harmless error to the defendant unless he can show actual prejudice from the omission. *See United States v. Stevens*, 211 F.3d at 5; *accord United States v. Catoggio*, 326 F.3d at 329–30.

Our discussion of harmless error in *Stevens* and *Catoggio* arose in slightly different contexts. In *Stevens*, the defendant sought to vacate a restitution order that determined identifiable victims' losses 117 days after sentencing. Finding no prejudice from the § 3664(d)(5) delay, we affirmed the order. 211 F.3d at 4–6. In *Catoggio*, the challenged restitution order was not simply belated; it failed to identify victims or their specific losses. Thus, we addressed the question presented in this

---

**4.** To be sure, defendants have a due process interest in paying restitution only for losses actually sustained by victims but, as this case illustrates, a conservative total loss calcula-

tion can sometimes be made without identifying individual victims. *See also United States v. Grimes*, 173 F.3d at 639.

case: whether, in light of the time limit imposed by § 3665(d)(5), we can "remand the case to the district court to identify the victims and their losses." 326 F.3d at 329. Drawing on *Stevens*'s discussion of harmless error, we concluded that such a remand was appropriate where a defendant failed to show prejudice. *Id.* at 329–30. The Seventh Circuit has similarly ruled. *See United States v. Grimes,* 173 F.3d at 640 ("To give the victims the benefit of the 90–day period, which runs from the date of sentencing, we direct the district judge to resentence the defendant.").

Zakhary does not quarrel with the harmless error presumption in *Stevens* and *Catoggio*. Neither does he assert that he would be prejudiced by a determination of identifiable victims' losses on remand. Instead, he urges us to limit the presumption of harmlessness to § 3664(d)(5) delays caused by a defendant, *see United States v. Stevens,* 211 F.3d at 4–6, or consented to by him, *see United States v. Catoggio,* 326 F.3d at 325–26, 330. Zakhary notes that he did neither; to the contrary, he repeatedly requested victim identification and an individualized loss accounting in the district court. But apart from drawing this factual distinction, Zakhary offers no legal rationale for why harmless error review should pertain only to cases of defendant misconduct or consent.

Zakhary's argument is legally unconvincing, largely because it conflates harmless error review with principles of equitable estoppel. In *Stevens,* we alluded to equitable estoppel in commenting on how defendant's misconduct in that case likely contributed to the delay in determining victims' losses: "the 90–day clock in § 3664(d)(5) may be tolled by the defendant's own purposeful misconduct." 211 F.3d at 5; *see United States v. Dando,* 287 F.3d at 1011 (citing *Stevens* and holding that defendant's request for a continuance tolled the ninety-day period established by § 3664(d)(5)). But *Stevens* expressly did not rely on estoppel in affirming the challenged restitution order in that case because estoppel would have required a remand for further factfinding by the district court. 211 F.3d at 5. Instead, *Stevens* concluded that any § 3664(d)(5) error was harmless because defendant could not "show that the delay caused prejudice to his ... defense," a holding made without reference to defendant's alleged misconduct. *Id.*[5]

■ As *Stevens* observed, sentencing errors not affecting substantial rights are regularly deemed harmless. *See id.* (and cases cited therein). The principle pertains with special force to a sentencing statute such as § 3664(d)(5), the primary purpose of which is to protect victims' rights. Absent a defendant's clear showing that his substantial rights have been prejudiced by a § 3664(d)(5) delay, it would in fact, defeat the statutory purpose to allow a defendant "to invoke this provision in order to avoid paying restitution to

---

**5.** In discussing the lack of prejudice, *Stevens* noted that defendant had not alleged that any documents or witnesses had become unavailable after expiration of the ninety-day period. Neither had he pointed to any change in his financial status during the delay that adversely affected the imposition or amount of restitution. 211 F.3d at 6.

We note that the latter point was relevant in *Stevens* because the challenged restitution order was entered pursuant to § 3663, which requires a court to consider a defendant's financial situation when entering a discretionary restitution award. *See* 18 U.S.C. § 3663(a)(1)(B)(i). By contrast, mandatory restitution under § 3663A must be entered without regard to a defendant's economic circumstances. *See id.* § 3664(f)(1)(A). Thus, it is questionable whether changed financial circumstances could establish prejudice in the case of a delayed mandatory order. We need not address the issue, however, because Zakhary does not claim that he would be prejudiced in this respect on remand.

the victims of his crime." *United States v. Catoggio*, 326 F.3d at 330.

■ We note that two sister circuits, although not addressing Zakhary's particular argument, have applied harmless error review in cases of § 3664(d)(5) delays not caused or consented to by defendants. In *United States v. Vandeberg*, 201 F.3d 805 (6th Cir.2000), the Sixth Circuit ruled that a failure to afford a defendant an opportunity to be heard as to the proposed amount of restitution within the ninety days prescribed by § 3664(d)(5) constituted harmless error because "the court provided him ample opportunity to object to the amount thereafter," *id.* at 814. On remand, we expect the district court will similarly afford Zakhary ample opportunity to object to any victim identifications or loss amounts with which he disagrees. In *United States v. Grimes*, the Seventh Circuit ruled that a defendant was not prejudiced by a district court's failure to identify, within ninety days of sentence, all crime victims entitled to share in the challenged $500,000 restitution order: the error "wronged the victims, not [the defendant]." 173 F.3d at 639. So in this case, where Zakhary admitted that he caused losses in the tens of thousands of dollars,

the failure timely to identify individual losses has wronged only the victims, not Zakhary.

■ Accordingly, we decline to limit harmless error review of § 3664(d)(5) delays to cases in which a defendant causes or consents to the delay. We direct the district court, on remand, to resentence defendant only with respect to restitution; because Zakhary has failed to show prejudice,[6] we place no other limits on the district court's determination of each identifiable victim's losses or on its award of full restitution.

### III. *Conclusion*

To summarize, we conclude (1) that mandatory restitution pursuant to 18 U.S.C. § 3663A cannot be ordered without a determination of each identifiable victim's losses within the time prescribed by § 3664(d)(5); (2) that any error in complying with this requirement, whether contributed to by the defendant or not, is subject to harmless error review; (3) that the error in this case was harmless to the defendant; and (4) that in resentencing the defendant with respect to restitution, the district court may conduct such inquiry

---

**6.** At oral argument, government counsel raised the possibility that Zakhary might be subject to a higher restitution order on remand, possibly as high as $180,000. A higher sentence on remand may prejudice a defendant's right to due process if there is a "reasonable likelihood" that the more severe penalty is the product of judicial vindictiveness. *See Alabama v. Smith*, 490 U.S. 794, 799–800, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989). On the present record, we have no reason to presume that vindictiveness will infect proceedings on remand. Preliminarily, we note that where, as in this case, full restitution of identifiable victims' losses is mandated by law, it would be particularly inappropriate to presume that a higher restitution order on remand, by itself, would demonstrate prejudice to the defendant. In any event, the district court has yet to identify the victims of

Zakhary's fraud or their losses; thus, we can only speculate that it will order restitution in any amount higher than the original sentence of $67,000. Further, even if the district court were to conclude that losses exceeded $67,000, it might well decide that some amounts qualified as "subsequently discovered" losses pursuant to the longer claim provision of § 3664(d)(5). In sum, because further fact finding is necessary on remand, we leave it to the district court to determine, in the first instance, whether full restitution of identifiable victim's losses requires a higher restitution order. *See generally United States v. Catoggio*, 326 F.3d at 329–30 (acknowledging government contention that losses demonstrated on remand would exceed original restitution order without placing any restrictions on district court's award of full restitution).

as is necessary to determine the amount of each identifiable victim's losses and to order full restitution as required by law.

Accordingly, the order of restitution is hereby VACATED and the case REMANDED for resentencing consistent with this opinion.