# In the

# United States Court of Appeals

## For the Seventh Circuit

———————

No. 04-3502

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

v.

JAMES E. FARR,

*Defendant-Appellant.*

———————

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 00 CR 187—**Rudolph T. Randa**, *Chief Judge.*

———————

ARGUED APRIL 8, 2005—DECIDED AUGUST 17, 2005

———————

Before FLAUM, *Chief Judge*, and BAUER and WOOD, *Circuit Judges.*

FLAUM, *Chief Judge.* Defendant-appellant James Farr was convicted of bank fraud and related offenses, for which the district court sentenced him to twenty-seven months of incarceration and five years of supervised release. After Farr served his prison term and was released, the district court ordered him to pay $208,169.44 in restitution as a condition of his supervised release. Upon Farr's appeal, and for the reasons stated herein, we vacate the district court's order of restitution.

## I. Background

On February 9, 2001, a jury convicted Farr of one count of bank fraud, one count of interstate transmission of stolen funds, and two counts of engaging in unlawful financial transactions. *See* 18 U.S.C. §§ 1344, 2314, 1957. In anticipation of sentencing, the United States Probation Office prepared a presentence report ("PSR") which stated that "restitution in the amount of $208,168.44 is outstanding," but explained that the probation office was still in the process of contacting victims to request financial affidavits. At the sentencing hearing, the probation officer said that she was having some difficulty getting declarations of losses from the victims but promised to provide an amended PSR stating the exact amounts of the victims' losses. The court responded that the parties could return later if there was a dispute about the amount of restitution that should be ordered. On July 16, 2001, the court entered judgment, sentencing Farr to twenty-seven months of imprisonment and five years of supervised release. The judgment stated that restitution was "to be determined" and that the "determination of restitution is deferred to unknown [sic]." Farr went to prison and we affirmed his conviction. *See United States v. Farr*, 297 F.3d 651 (7th Cir. 2002).

On August 21, 2003, Farr was released from custody and began serving his term of supervised release. Around this time, the probation office discovered that restitution had never been ordered. The government originally had intended to seek restitution under the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663A, which requires courts to order restitution to the victims of certain specified offenses, including bank fraud. *See* §§ 3663A(a)(1), (c)(1). A district court generally may not order restitution under the MVRA, however, unless it does so within ninety days of sentencing. *See* § 3664(d)(5). Because more than three years had passed since Farr was sentenced, the government asked the court to order restitution as a

condition of supervised release rather than under the MVRA. Farr argued that the ninety-day time limit in § 3664(d)(5) applies to restitution orders entered as a condition of supervised release as well as those issued pursuant to the MVRA. The district court disagreed with Farr and, on September 13, 2004, ordered him to pay $208,169.44 in restitution as a condition of supervised release. Farr appeals the restitution order.

## II. Discussion

Farr contends that the district court exceeded its statutory authority in ordering restitution as a condition of supervised release more than ninety days after sentencing. We review de novo questions of law regarding the statutory authority of the federal courts to order restitution. *United States v. Donaby*, 349 F.3d 1046, 1048-49 (7th Cir. 2003). Because "federal courts possess no inherent authority to order restitution, and may do so only as explicitly empowered by statute," we begin our analysis with the statute itself. *Id.* at 1052 (internal quotations omitted). By following a series of statutory cross-references, we are led to the conclusion that the district court exceeded its authority in ordering restitution in this case.

The district court issued its restitution order pursuant to 18 U.S.C. § 3583(d), which provides that a court may order as a condition of supervised release "any condition set forth as a discretionary condition of probation in section 3563(b)(1) through (b)(10) and (b)(12) through (b)(20), and any other condition it considers to be appropriate." The district court selected from this list § 3563(b)(2)'s authorization of orders to "make restitution to a victim of the offense under section 3556 (but not subject to the limitation of section 3663(a) or 3663A(c)(1)(A))." Thus, the court was authorized to order restitution as a condition of supervised release under § 3556, which states that "[t]he procedures

under section 3664 shall apply to all orders of restitution under this section." The mandatory "shall" of § 3556 indicates that, in ordering restitution as a condition of supervised release, the court was required to follow the procedures set forth in § 3664. Section 3664 provides in part:

> If the victim's losses are not ascertainable by the date that is 10 days prior to sentencing, the attorney for the Government or the probation officer shall so inform the court, and the court shall set a date for the final determination of the victim's losses, *not to exceed 90 days after sentencing*. If the victim subsequently discovers further losses, the victim shall have 60 days after discovery of those losses in which to petition the court for an amended restitution order. Such order may be granted only upon a showing of good cause for the failure to include such losses in the initial claim for restitutionary relief.

§ 3664(d)(5) (emphasis added).

At the end of this series of steps, we see that a court relying on §§ 3583(d) and 3563(b)(2), as the district court did in this case, may order restitution as a condition of supervised release no later than ninety days after sentencing, unless a victim petitions the court within sixty days of the discovery of its losses and can show good cause for the delay. Here, it is undisputed that no victim petitioned the district court and there was no good cause for the delay. Accordingly, the district court did not have authority to order Farr to pay restitution as a condition of supervised release when it did so more than three years after sentencing him.

In an effort to avoid this result, the government cites several cases from this and other circuits, none of which provide support for affirming the district court's order in this case. In *United States v. Brooks*, 114 F.3d 106 (7th Cir. 1997), and *United States v. Daddato*, 996 F.2d 903 (7th Cir.

1993), the district courts ordered repayment of drug "buy money" as a condition of supervised release under § 3583(d)'s catch-all provision. *See* § 3583(d) ("[t]he court may order, as a [ ] condition of supervised release . . . any condition set forth as a discretionary condition of probation in section 3563(b)(1) through (b)(10) and (b)(12) through (b)(20), *and any other condition it considers to be appropriate.*") (emphasis added). In affirming, we explained that while a court may not order repayment of the government's investigative costs as restitution because the government is not a victim of the crime, a district court is authorized by the catch-all provision to order such repayment as a condition of supervised release. *See Daddato*, 996 F.2d at 905-06; *Brooks*, 114 F.3d at 108; *see also United States v. Cook*, 406 F.3d 485, 489 (7th Cir. 2005) (repayment of "buy money" may be ordered as a condition of supervised release but not as restitution). Because the district courts in *Daddato* and *Brooks* did not, and could not have, invoked § 3563(b)(2), we were not led through the series of cross-references to the ninety-day time limit in § 3664(d)(5). These cases say nothing about ordering restitution as a condition of supervised release or the procedures that courts must follow in doing so. Furthermore, the district court in this case did not rely on § 3583(d)'s catch-all provision, and the government does not argue that this provision authorized the court's order. Therefore, *Brooks* and *Daddato* provide no guidance as to whether the district court exceeded its authority in this case.

The government also cites *United States v. Dahlstrom*, 180 F.3d 677 (5th Cir. 1999), and *United States v. Bok*, 156 F.3d 157 (2d Cir. 1998), for the proposition that where restitution cannot be imposed pursuant to the MVRA or the Victim and Witness Protection Act ("VWPA"),[1] a court may

---

[1] The MVRA and the VWPA are similar in many respects. The
(continued...)

be able to order restitution as a condition of supervised release. Although this is true, it does not further the government's position in this case. As we explained above, § 3583(d) read in conjunction with § 3563(b)(2) authorizes a district court to order restitution as a condition of supervised release. Section 3563(b)(2) specifically provides that such orders are not subject to the limitations of § 3663(a) of the VWPA. Consistent with the plain language of these provisions, *Dahlstrom* and *Bok* held that restitution could be ordered as a condition of supervised release despite limitations in § 3663(a) that precluded the district courts from ordering restitution under the VWPA. By contrast, the government contends in this case that an order of restitution need not comply with § 3664(d)(5)'s ninety-day limit. Not only is § 3664 not excepted from § 3563(b)(2), as is § 3663(a), but courts are expressly directed to comply with the procedures set forth in § 3664. *See* § 3556 ("[t]he procedures under section 3664 shall apply to all orders of restitution under this section."). Thus, *Dahlstrom* and *Bok* do not advance the government's position here.

Next, the government points to *United States v. Grimes*, 173 F.3d 634 (7th Cir. 1999), and *United States v. Zakhary*, 357 F.3d 186 (2d Cir. 2004). In *Grimes*, we were faced with a restitution order that violated § 3664(f)(1)(A), which provides in part that "[i]n each order of restitution, the court shall order restitution to each victim in the full amount of each victim's losses." The district court had ordered restitution based on an estimate of total loss, rather than on a calculation of each victim's losses. We vacated the

---

[1] (...continued)

primary difference between the two statutes is that for certain offenses specified in the MVRA, an order of restitution is mandatory and is calculated by looking to the victim's losses, without regard to the defendant's ability to pay. *United States v. Randle*, 324 F.3d 550, 555 n.2 (7th Cir. 2003).

order because the district court had exceeded its authority by failing to comply with § 3664(f)(1)(A). Mindful of the MVRA's purpose of benefitting "the victims, not the victimizers," however, we also directed the district court to resentence the defendant, which would restart the ninety-day period so that a new order of restitution could be issued in compliance with § 3664(d)(5)'s time limit. *Grimes*, 173 F.3d at 639.

The district court in *Zakhary* also issued a restitution order in violation of § 3664(f)(1)(A), and as in *Grimes*, the court of appeals vacated the order. As to the scope of the remand, the defendant argued that, because more than ninety days had elapsed since sentencing, the district court should not be permitted to identify on remand any additional victims not listed in the original restitution order. *Zakhary*, 357 F.3d at 188. The Second Circuit held that any future violation of the time limit in the case would be harmless[2] and refused to limit the district court's authority to order full restitution on remand. *Id.*

The point of both *Grimes* and *Zakhary* is that where an illegal restitution order is vacated, § 3664(d)(5) will not always preclude the issuance of a new restitution order on remand where the original sentence was entered more than ninety days earlier. In this case, the government does not argue in favor of this type of solution, but instead contends that the illegal restitution order need not be vacated at all. Its only basis for this position is its assertion that the statutory purpose would be furthered by allowing the restitution order to stand. Although we have noted that § 3664 generally is intended to benefit victims, we have never concluded that the ninety-day time limit may be disregarded for the victim's benefit. *See Grimes*, 173 F.3d at

---

[2]  As noted below, we do not decide here whether harmlessness is a proper consideration in this analysis.

639-40. Furthermore, given the clear time limit set forth in § 3664(d)(5), it cannot be said that it was Congress's intent to allow district courts to order restitution at any time. The statutory language in § 3664(d)(5) sets forth an unambiguous requirement that courts ordering restitution as a condition of supervised release do so within ninety days of sentencing. We may not overlook the statute's plain language to further what may be a broader statutory purpose. *See Barnhart v. Sigmon Coal Co., Inc.*, 534 U.S. 438, 461-62 (2002) (when statutory language is unambiguous, courts must apply the plain meaning and not speculate that the legislature intended to say something different).

In a final effort to protect the restitution order, the government states, without explanation or argument: "Moreover, given the intent behind the imposition of restitution to compensate victims, the defendant likewise is not harmed by the delay." While it is not entirely clear, we assume that the government is arguing that we should analyze this case under the harmless error standard. There is some disagreement, however, as to whether this standard is applicable in cases such as this, where a district court did not comply with § 3664(d)(5)'s time limit in ordering restitution. *Compare United States v. Johnson*, 400 F.3d 187, 199 (4th Cir. 2005) ("failure to conform with the ninety-day limit constitutes harmless error absent prejudice") *with United States v. Maung*, 267 F.3d 1113, 1121 (11th Cir. 2001) ("[T]here is no prejudice requirement in [§ 3664(d)(5)], and we are not convinced that we should read one into it."). We have not had occasion to decide the issue[3] and, because it

---

[3] A recent case states that the Seventh Circuit has held that "district courts can enter restitution orders more than ninety days after sentencing provided that the delay does not prejudice the defendant." *Johnson*, 400 F.3d at 199 (attributing this holding to *United States v. Pawlinski*, 374 F.3d 536, 539 (7th Cir. 2004)). In

(continued...)

has not been sufficiently raised here, we do not address it. *See Tyler v. Runyon*, 70 F.3d 458, 464 (7th Cir. 1995) ("[A] litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority, forfeits the point.").

## III. Conclusion

The district court exceeded its authority by ordering restitution more than three years after Farr was sentenced. Accordingly, the order of restitution is VACATED.

A true Copy:

> Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*

---

[3] (...continued)
*Pawlinski*, however, we merely suggested without deciding that the time limits within § 3664(d)(5) "can sometimes be bent." 374 F.3d at 539. At most, this indicates that there might be ways to restart the ninety-day period as we did in *Grimes*, or that the running of the period may be tolled in some cases. *Id.* (citing *Grimes*, 173 F.3d at 638-40, and *United States v. Terlingo*, 327 F.3d 216, 219-22 (3d Cir. 2003) (surveying cases from several circuits regarding whether § 3664(d)(5)'s ninety-day time limit is subject to equitable tolling)). Because the government does not seek either of these results, we need not decide whether they are generally permitted, or whether either course would be warranted in this case.

---