**UNITED STATES of America,**
**Appellee,**

v.

**Christopher BUNN, Defendant–**
**Appellant.**

No. 06–2724–cr.

United States Court of Appeals,
Second Circuit.

May 6, 2008.

Alexander J. Willscher, Assistant United States Attorney (Michael J. Garcia, United States Attorney for the Southern District of New York, Katherine Polk Failla, Assistant United States Attorney, on the brief), New York, NY, for Appellee.

Caspar F. Ewig, New York, NY, for Defendant–Appellant.

PRESENT: Hon. CHESTER J. STRAUB, Hon. REENA RAGGI, Circuit Judges, Hon. SIDNEY H. STEIN, District Judge.*

### SUMMARY ORDER

Defendant–Appellant Christopher Bunn appeals from an amended judgment of conviction in the United States District Court for the Southern District of New York (Barbara S. Jones, *Judge*) that was entered on June 29, 2006 following resentencing. On September 19, 2002, a jury

* The Honorable Sidney H. Stein, United States District Judge for the Southern District of New York, sitting by designation.

convicted Bunn of one count of conspiring to commit wire fraud in violation of 18 U.S.C. § 371, and two counts of wire fraud in violation of 18 U.S.C. §§ 2, 1343, 1346. These crimes related to Bunn's participation in a scheme to divert funds from Terrestrial Networks, Inc. ("TNI"), of which Bunn was the Chief Executive Officer. On March 23, 2006, the District Court resentenced Bunn principally to an aggregate term of imprisonment of 96 months and ordered Bunn to pay $5,924,930 in restitution to Lygor AG ("Lygor") and its constituent investors—the primary source of funding for TNI. We assume the parties' familiarity with the remaining factual background and procedural history of this case, as well as the issues Bunn raises on appeal.

On appeal, Bunn challenges his 96–month sentence on the ground that it violates his Fifth and Sixth Amendment rights because it exceeds the 60–month statutory maximum sentence that applied to any individual count of which he was convicted. The District Court calculated Bunn's sentence by ordering that he first serve a 60–month sentence for his conviction of wire fraud conspiracy, followed by two concurrent, 36–month sentences for his wire fraud convictions. To the extent that Bunn argues that the District Court violated his constitutional rights merely by "stacking" his sentences instead of ordering that they all run concurrently, we have held that a defendant has no "constitutionally cognizable right to concurrent, rather than consecutive, sentences." *United States v. White,* 240 F.3d 127, 135 (2d Cir.2001), *cert. denied,* 540 U.S. 857, 124 S.Ct. 157, 157 L.Ed.2d 104 (2003). Thus, any challenge to the aggregate sentence on this ground fails.

Bunn also argues that his sentence is unconstitutional because the Supreme Court has prohibited courts from sentencing defendants in excess of the statutory maximums based on facts not found by a jury. *See Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Yet, in contrast to *Apprendi,* Bunn's aggregate sentence did not exceed the maximum sentence to which the District Court could have sentenced him based on the his three counts of conviction. Moreover, unlike the statute in *Apprendi,* the relevant statute here does not require a district court to make any specific factual findings before imposing the sentence challenged on appeal. *See* 18 U.S.C. § 3584(b) (requiring only that a district court "consider" the factors set forth in 18 U.S.C. § 3553(a) as to each offense before imposing consecutive sentences). To the extent that Bunn's argument may be understood as one that the District Court improperly or inadequately considered the § 3553(a) factors before imposing consecutive sentences here, our review of the record reveals that such an argument is meritless. *Cf. United States v. Fleming,* 397 F.3d 95, 99–100 (2d Cir.2005) (stating that a district court discharges its obligation to "consider" § 3553(a) factors by demonstrating its awareness "of both the statutory requirements and the sentencing range or ranges that are arguably applicable, and nothing in the record indicates misunderstanding about such materials or misperception about their relevance").

Bunn challenges the restitution order imposed on him in several respects. First, Bunn argues—and the government concedes—that the District Court erred in ordering restitution two days after the statutorily prescribed 90–day period had expired. *See* 18 U.S.C. § 3664(d)(5). However, as Bunn did not raise this issue before the District Court, we agree with the government that "plain error" review applies and that Bunn has failed to identify how the District Court's error affected his

substantial rights. *See Johnson v. United States,* 520 U.S. 461, 466–67, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997); *United States v. Zakhary,* 357 F.3d 186, 192–93 (2d Cir.2004) ("Absent a defendant's clear showing that his substantial rights have been prejudiced by a § 3664(d)(5) delay, it would in fact, defeat the statutory purpose to allow a defendant to invoke this provision in order to avoid paying restitution to the victims of his crime." (internal quotation marks omitted)). Second, Bunn contends that the District Court erred by ordering him to pay restitution of $5,924,630 and ordering his co-conspirator, Andrea Mercado, to pay only $50,000. The relevant statute authorizes a district court to craft a restitution order so as to "apportion liability among the defendants to reflect the level of contribution to the victim's loss and economic circumstances of each defendant." 18 U.S.C. § 3664(h). The record reveals that the District Court considered the evidence relating to each defendant's role and properly concluded that Bunn was the "creator of the scheme and the one who profited the most from it," and thus should be held "responsible for ... the entire loss." We find no error by the District Court in this regard. Finally, Bunn argues that the restitution order is invalid due to the absence of a "causal link" between his conduct and the harms suffered by the individuals to whom he was ordered to pay restitution. This argument fails for the simple reason that it is undisputed which individual investors comprised Lygor and that Lygor invested $5,924,630 in TNI, an investment that the jury found was rendered worthless due, at least in part, to Bunn's own conduct.

 As to the other arguments raised by Bunn in his brief, we agree with the government that these arguments pertain only to his convictions, not his resentencing. Bunn has already received an opportunity to raise any such conviction-related issues on his first appeal before this Court. We have held that a defendant waives such issues where we affirmed the defendant's convictions in the first appeal and where any conviction-related issues raised in the second appeal do not fall within certain narrow exceptions we have recognized. *See United States v. Quintieri,* 306 F.3d 1217, 1225, 1228–29 (2d Cir.2002) (articulating the basis and scope of the so-called "mandate rule"), *cert. denied,* 539 U.S. 902, 123 S.Ct. 2246, 156 L.Ed.2d 110 (2003). As none of the conviction-related arguments raised by Bunn falls within such an exception, we do not consider his remaining arguments.

For the foregoing reasons, we AFFIRM the judgment of the District Court.