**UNITED STATES of America,
Appellee,**

v.

**Roberta DUPRE and Beverly
Stambaugh, Defendants–
Appellants.**

**Nos. 07–1455–cr(L), 07–1463(CON).**

United States Court of Appeals,
Second Circuit.

Oct. 7, 2008.

Robin W. Morey, Assistant United States Attorney (Katherine Polk Failla, Assistant United States Attorney, of counsel), for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, N.Y., for Appellee.

Colleen P. Cassidy, Federal Defenders of New York, Inc., New York, N.Y., for Defendant–Appellant, Dupre.

Denis P. Kelleher, Kelleher & Dunne LLP, New York, N.Y., for Defendant–Appellant, Stambaugh.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. GUIDO CALABRESI, Circuit Judges, and Hon. JOHN F. KEENAN, District Judge.[1]

## SUMMARY ORDER

Defendants–Appellants Roberta Dupre and Beverly Stambaugh ("Appellants") appeal from the restitution order imposed by the United States District Court for the Southern District of New York (Cote, *J.*) following their conviction for conspiracy to commit wire fraud, in violation of 18 U.S.C. § 371, and wire fraud, in violation of 18 U.S.C. §§ 1343 and 2. We assume the parties' familiarity with the facts, procedural history, and scope of the issues presented on appeal.

Appellants argue on appeal that the District Court's restitution order was erroneous because it included restitution for victims whose injuries were identified with specificity only during the second ninety-day period following remand (the "ninety-day claim"), and because it included restitution for individuals who suffered losses for conduct by Dupre prior to October 2002 (the "*Hughey* claim").

■ With respect to Appellants' ninety-day claim, the District Court's imposition of a second ninety-day period for calculation of restitution and its consideration of evidence of additional losses sustained by victims did not prejudice Appellants. *See United States v. Johnson,* 378 F.3d 230,

243 (2d Cir.2004); *United States v. Zakhary,* 357 F.3d 186, 193 (2d Cir.2004) ("[A]ny error in complying with [the 90–day requirement of § 3664(d)(5) ], whether contributed to by the defendant or not, is subject to harmless error review."). Appellants were given the opportunity to respond to the Government's filings regarding additional victim affirmations and evidence.

■ With respect to Appellants' *Hughey* claim, we find that the indictment sufficiently linked Dupre with a criminal scheme, wire fraud, beginning as early at 1994. Stambaugh did not raise any argument, before either the District Court or this Court, that she should be treated differently than Dupre with respect to restitution, and so waived any such claim. *See Caidor v. Onondaga County,* 517 F.3d 601, 603 (2d Cir.2008) (stating that an appellate court should generally not consider an issue not passed upon below); *Hughes v. Bricklayers & Allied Craftworkers Local No. 45,* 386 F.3d 101, 104 n. 1 (2d Cir.2004) (observing that issues not raised in an appellate brief are abandoned). We therefore conclude that the full restitution ordered by the District Court was appropriate as to both Appellants.

We have reviewed all of Appellants' claims and find them to be without merit. Accordingly, we AFFIRM the judgment of the District Court.

---

1. The Honorable John F. Keenan, United States District Court for the Southern District of New York, sitting by designation.