**UNITED STATES of America,**
**Appellee,**

v.

**Joaquin MARTINEZ, Defendant–**
**Appellant.**

**Nos. 07–2929–cr(L), 07–4827–cr(Con).**

United States Court of Appeals,
Second Circuit.

Oct. 9, 2008.

Alexander E. Eisemann, Katonah, NY, for Appellant.

Harry A. Chernoff, Assistant United States Attorney (United States Attorney Michael J. Garcia, and Assistant United States Attorney Andrew L. Fish, on the brief), United States Attorney's Office for the Southern District of New York, Brooklyn, NY, for Appellee.

PRESENT: JON O. NEWMAN, ROGER J. MINER and JOSÉ A. CABRANES, Circuit Judges.

### SUMMARY ORDER

Defendant Joaquin Martinez appeals from a judgment of the District Court, entered on October 25, 2007, convicting him, after a guilty plea, of one count of conspiracy to commit health care fraud, in violation of 18 U.S.C. § 1349, and one count of health care fraud, in violation of 18 U.S.C. § 1347. The District Court sentenced defendant to a term of 29 months' imprisonment, followed by a term of three years' supervised release. The Court also ordered that defendant pay restitution in the amount of $59,098.98 and a mandatory special assessment of $200. We assume the parties' familiarity with the underlying facts and procedural history of the case.

The sole issue on appeal is whether the restitution order, which was entered after the 90–day statutory period, was entered without prejudice to defendant. *See* 18 U.S.C. § 3664(d)(5) ("[T]he court shall set a date for the final determination of the victim's losses, not to exceed 90 days after sentencing."); *see also United States v. Douglas,* 525 F.3d 225, 252–53 (2d Cir. 2008) (holding that, where restitution order was entered 94 days after sentencing, "an extension of the proceedings beyond the 90–day period provides no basis for vacating the restitution order unless the defendant can show that the extension caused him actual prejudice"); *United States v. Zakhary,* 357 F.3d 186, 191 (2d Cir.2004) (explaining that the purpose of the 90–day statutory period "is not to protect defendants from drawn-out sentencing proceedings or to establish finality; rather, it is to protect crime victims from the willful dissipation of defendants' assets").

In this case, the District Court held a restitution hearing on October 19, 2007, 112 days after sentencing on June 28, 2007. The Court signed an order setting restitution at $53,098.98 on October 24, 2007 and entered the order the following day. Defendant does not claim any prejudice resulting from the delayed restitution hearing and order. Nor are we able to identify any prejudice resulting from the delay of a few weeks. In reaching this conclusion, we are mindful that part of the delay—indeed, the immediate cause for not ordering restitution at the September 21, 2007 conference, which was within the 90–day statutory period—was the result of administrative difficulties in transporting defendant from prison to the courthouse. Neither party appears to have "stonewall[ed]" the process in order to create prejudice. *United States v. Stevens,* 211 F.3d 1, 4 (2d Cir.2000) (declining to grant equitable estoppel of the 90–day statutory period where defendant's conduct contributed to the delay in determining restitution penalties). Under these circumstances, there is no basis to infer or presume prejudice to defendant resulting from the delayed restitution proceeding.

For the foregoing reasons, we **AFFIRM** the judgment of the District Court.