**UNITED STATES of America,**
**Appellee,**

v.

**Kevin MORRIS, also known as Rodney Williams, also known as Rodney S. Williams, also known as Damien and Nelson Rodriguez, Defendants–Appellants,**

**Jessica Jones, Defendant.**

**No. 08–0785–cr.**

United States Court of Appeals,
Second Circuit.

Feb. 18, 2009.

Theodore S. Green, Green & Willstatter, White Plains, NY, for Defendant–Appellant, Kevin Morris.

Clinton W. Calhoun, III, Briccetti, Calhoun & Lawrence, LLP, White Plains, NY, for Defendant–Appellant, Nelson Rodriguez.

Richard C. Tarlowe and Jonathan S. Kolodner, Assistant United States Attorneys, for Lev L. Dassin, Acting United States Attorney for the Southern District of New York, New York, NY, for Appellee.

Present: ROSEMARY S. POOLER and ROBERT A. KATZMANN, Circuit Judges, and LORETTA A. PRESKA, District Judge.*

## SUMMARY ORDER

Defendants-appellants Kevin Morris and Nelson Rodriguez appeal from their amended judgments of conviction, following their guilty pleas entered on February 11, 2008 and February 21, 2008 respective-

---

* The Honorable Loretta A. Preska, United States District Judge of the United States District Court for the Southern District of New York, sitting by designation.

ly, in the United States District Court for the Southern District of New York (Karas, J.), that ordered, *inter alia,* they pay restitution in the amount of $191,213.12. We assume the parties' familiarity with the facts, the proceedings below, and the issues on appeal.

Morris and Rodriguez challenge the timeliness of the restitution order entered against them. The provision outlining the procedures for restitution orders states, in relevant part:

> If the victim's losses are not ascertainable by the date that is 10 days prior to sentencing, the attorney for the Government or the probation officer shall so inform the court, and the court shall set a date for the final determination of the victim's losses, not to exceed 90 days after sentencing.

18 U.S.C. § 3664(d)(5). Morris and Rodriguez were sentenced on September 26, 2007 and October 12, 2007 respectively. This means the ninety-day period for a final restitution order lasted until December 26, 2007 for Morris and January 10, 2007 for Rodriguez. The restitution order against Morris and Rodriguez was filed after these ninety-day periods on February 11, 2008.

We have addressed the entry of a restitution order after expiration of the ninety-day period on several occasions. Most recently, in *United States v. Douglas,* we summarized our prior precedent with regard to 18 U.S.C. § 3664(d)(5): "[W]e have held that an extension of the proceedings beyond the 90–day period provides no basis for vacating the restitution order unless the defendant can show that the extension caused him actual prejudice." 525 F.3d 225, 252–53 (2d Cir.2008) (citing *United States v. Zakhary,* 357 F.3d 186, 191 (2d Cir.2004) (holding that a late restitution order "will be deemed harmless error to the defendant unless he can show actual prejudice")); *see also United States v. Ste-*

*vens,* 211 F.3d 1, 5 (2d Cir.2000) (finding that a restitution order filed after the ninety-day period may be affirmed "where the defendant cannot show that the delay caused prejudice to his or her defense"). The application of harmless error review is based on "the purpose behind the statutory ninety-day limit on the determination of victims' losses [which] is not to protect defendants from drawn-out sentencing proceedings or to establish finality; rather, it is to protect crime victims from the willful dissipation of defendants' assets." *Douglas,* 525 F.3d at 252 (quoting *Zakhary,* 357 F.3d at 191).

The district court, although rendering its decision before *Douglas,* relied on *Zakhary* and had "no difficulty finding that any delay in the imposition of the restitution order in this case was not prejudicial to either Defendant." The district court, accordingly, applied the correct principle of law. We see no basis to disturb the district court's finding that there was no prejudice. There is no indication here that the delay in issuing the restitution order adversely affected the defendants' substantial rights. The defendants had the opportunity to make objections and were successful in reducing the amount of restitution. The defendants do not raise a substantial challenge to the prejudice ruling. Rather, they argue that the plain meaning of 18 U.S.C. § 3664(d)(5) requires us to set aside a restitution order made more than ninety-days after sentencing. This argument is inconsistent with our holdings in *Douglas* and prior case law. See, *e.g., Douglas,* 525 F.3d at 252–53. We reject the defendants' other arguments as without merit.

For the foregoing reasons, the judgment of the district court is **AFFIRMED.**