UNITED STATES of America,
Appellee,

v.

David M. SCOTT, Defendant–Appellant.

No. 08–1489–cr.

United States Court of Appeals,
Second Circuit.

April 14, 2009.

Devin McLaughlin, Langrock Sperry & Wool, LLP, Middlebury, VT, for Defendant–Appellant.

Christopher W. Schmeisser, Assistant United States Attorney (William J. Nardini, Assistant United States Attorney, of counsel), for Nora R. Dannehy, Acting United States Attorney for the District of Connecticut, for Appellee.

PRESENT: Hon. WALKER, Hon. DEBRA ANN LIVINGSTON, Circuit Judges, and Hon. LEWIS A. KAPLAN, District Judge.[1]

---

1. The Honorable Lewis A. Kaplan, District    Judge, United States District Court for the

## SUMMARY ORDER

■ Defendant–Appellant David M. Scott ("Scott") appeals from a February 8, 2008 order of restitution issued by the United States District Court for the District of Connecticut. He primarily challenges the District Court's conclusion that the amount of restitution available under the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663A, includes lost investment returns, calculated as of the date of sentencing, from funds that when stolen were invested in either a variable annuity or an IRA. We assume the parties' familiarity with the underlying facts, procedural history, and specification of the issues in this case.

With regard to the appropriate amount of restitution, the MVRA provides, in pertinent part, that a defendant shall pay to the victim an amount that is equal to:

> [T]he greater of—
> (I) the value of the [stolen] property on the date of the damage, loss, or destruction; or
> (II) the value of the property on the date of sentencing....

18 U.S.C. § 3663A(b)(1)(B)(i). The primary purpose of the MVRA is to make victims of crime whole by fully compensating them for their losses. *United States v. Boccagna,* 450 F.3d 107, 115 (2d Cir.2006) (citing *United States v. Simmonds,* 235 F.3d 826, 831 (3d Cir.2000)). Accordingly, when determining the appropriate amount of restitution, district courts must choose a valuation method that best accomplishes this purpose. *See id.* ("[W]e construe 'value' as used in the MVRA to be a flexible concept to be calculated by a district court by the measure that best serves Congress's statutory purpose."); *cf.* 18 U.S.C. § 3664(f)(1)(A) ("[T]he court shall order restitution to each victim in the full amount of each victim's losses *as deter-*

*mined by the court ....*" (emphasis added)). Nevertheless, "a sentencing court cannot order restitution that 'goes beyond making [the victim] whole.'" *Boccagna,* 450 F.3d at 117 (alteration in original) (quoting *United States v. Gordon,* 393 F.3d 1044, 1060 (9th Cir.2004)).

Scott argues that his victims' losses would be fully compensated by an award of the nominal value of the property he stole from their accounts and that the district court therefore erred by including lost investment earnings in the restitution award. We disagree. Scott stole his clients' assets from three retirement accounts. Had the assets remained in those accounts, two of the three accounts would have increased in value by the date of sentencing. Moreover, in light of the fraudulent account statements issued by Scott to his victims and the victims' inaction, it is apparent that the funds would have remained in those accounts but for his theft. Accordingly, the actual value of the stolen property, the funds in the retirement accounts, at the time of sentencing was the nominal value of the stolen funds plus the subsequent investment gains lost as a result of the theft. *Cf. United States v. Shepard,* 269 F.3d 884, 886 (7th Cir.2001) (noting, when valuing money taken from a savings account, that "return of the same number of dollars would be 'inadequate' ... because the money came from an interest-bearing account"). In valuing the stolen retirement assets in this case, the district judge therefore appropriately included in the restitution award the investment earnings that would have accrued as of the date of sentencing.

■ Scott also asks the Court to set aside the restitution order because it was issued more than ninety days after sentencing. Pursuant to 18 U.S.C. § 3664(d)(5), "[i]f [a] victim's losses are not ascertainable by the date that is 10 days

Southern District of New York, sitting by designation.

prior to sentencing ... the court shall set a date for the final determination of the victim's losses, not to exceed 90 days after sentencing." This court has repeatedly noted that "the purpose behind the statutory ninety-day limit on the determination of victims' losses is not to protect defendants from drawn-out sentencing proceedings or to establish finality; rather, it is to protect crime victims from the willful dissipation of defendants' assets." *United States v. Douglas*, 525 F.3d 225, 252 (2d Cir.2008) (quoting *United States v. Zakhary*, 357 F.3d 186, 191 (2d Cir.2004)). As a result, a defendant must show prejudice before we will set aside a restitution order for having been issued more than ninety days after sentencing. *Id.* at 252–53. Scott acknowledges that he cannot demonstrate any such prejudice. Accordingly, we conclude that his challenge is meritless.

We have considered each of Scott's contentions on this appeal and have found them to be without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.