# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-2028
_____

United States of America

*Plaintiff - Appellee*

v.

Martin Zaic

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of South Dakota - Rapid City
_____

Submitted: November 22, 2013
Filed: February 27, 2014
_____

Before RILEY, Chief Judge, BRIGHT and KELLY, Circuit Judges.
_____

KELLY, Circuit Judge.

Martin Zaic pled guilty to one count of failure to pay legal child support obligations, in violation of 18 U.S.C. § 228(a)(3). On December 21, 2012, the district court[1] sentenced Zaic to 5 years probation and ordered him to pay $43,622.40 in

_____

[1]The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota.

restitution for child support arrearages. At Zaic's request, the district court continued the determination of additional restitution, holding another hearing on May 3, 2013. Following this hearing, the district court entered an amended judgment in which it granted $5,741.80 in additional restitution for the children's medical expenses. Zaic challenges this order for additional restitution on procedural grounds. We affirm.

## I. Background

Zaic and his former wife, Faith Lewis, had two children together, L.Z. and E.Z. Following their divorce in 2006, Lewis took custody of the children and Zaic was ordered to pay monthly support obligations in the amount of $512.00. Under this state child support order, Zaic was also required to pay his children's medical expenses as follows:

> [A]ny medical costs in excess of $250.00 per year for each child that is not covered by insurance shall be apportioned between the parents in proportion to the support obligation of each parent. All medical costs not covered by insurance are to be divided between the parties as follows: Custodial Parent Faith Lewis – 60% and the Non-Custodial Parent Martin Zaic – 40%.

Child Support Order Ex. A at 2, No. 09-50010, ECF No. 27–1. Zaic failed to make these payments. In February 2009, he was indicted for failure to pay legal child support obligations, in violation of 18 U.S.C. § 228(a)(3). Zaic pled guilty to this charge in September 2012.

Probation prepared a Presentence Investigation Report ("PSR") in October 2012 in which it described the child support arrearages and indicated that Lewis had not yet submitted a Victim Impact Statement. On December 12, 2012, nine days before Zaic's sentencing hearing, Lewis submitted a Declaration of Victim Losses and a Victim Impact Statement to the probation officer. In the declaration, Lewis listed

both health insurance payments and medical expenses not covered by insurance as "specific losses" for which she sought restitution:

> Martins [sic] share of Medical Expenses.
> ($55/mo for health insurance since January 2007 and ½ of the medical expenses after the first 250/child.)
>
> 2007 – Insurance $660
> 2008 – Insurance $660 L.Z. – $2798     E.Z. – $1882
> 2009 – Insurance $660               E.Z. – $416
> 2010 – Insurance $660               E.Z. – $924
> 2011 – Insurance $660 L.Z. – $811     E.Z. – $487
> 2012 – Insurance $660 L.Z. – $422     E.Z. – $1030

Appellee's Br. at 5–6.[2] Handwritten on the form, Lewis noted that "[t]hese are expenses after insurance and only the bills I have receipts for at the moment." Id. Lewis also mentioned these expenses in her Victim Impact Statement, explaining: "I did also provide documentation of medical insurance expense [sic] and some of the medical bills I have paid over the last 7 years for which Martin should share in responsibility." Id. at 6.

On December 21, 2012, Zaic was sentenced to 5 years probation and ordered to pay restitution in the amount of $43,622.40 for child support arrearages. During this sentencing hearing, the district court remarked that "[t]here was also a declaration of victim loss filed by Faith Lewis seeking $12,730 based on insurance that she had paid and the defendant had not paid his part. Is the government seeking that also as restitution?" Sentencing Tr. at 3, No. 09-50010, ECF No. 41. The government said yes, and Zaic requested a continuance on the matter of the health insurance premiums.

---

[2]Throughout this opinion we cite the Appellee's publicly available brief for information contained in the Declaration of Victim Losses and the Victim Impact Statement. We note, however, that copies of the original documents are located in the Appellee's Sealed Addendum. The content of these documents is not in dispute.

Id. at 3–5. Before granting the continuance, the district court asked Zaic's counsel, "is it fair to say that your client paid zero dollars toward insurance or the deductible?" Id. at 5. Zaic's counsel responded, "I believe that is correct." Id. The district court then ordered briefing on whether restitution "for the insurance premiums paid for the purpose of providing the children with healthcare coverage" could be awarded. Order at 1, No. 09-50010, ECF No. 26.

In its brief filed March 7, 2013, the government conceded that restitution was not warranted for healthcare premiums as they were already included in the calculation of Zaic's monthly support obligation. However, the government also sought restitution for past medical expenses not covered by insurance. The receipts for those medical expenses, attached to the government's brief, were dated from 2007 to May 2012.

On March 21, 2013, the district court denied Lewis' request for restitution for health insurance premiums, but scheduled another hearing for the requested medical expenses. The court held a restitution hearing on May 3, 2013. Lewis did not attend this hearing. The court accepted the government's representation that the medical bills were not in Lewis' personal possession at the time of sentencing and that she had to obtain them from the companies to which payments had been made. The court granted the government's request for the additional restitution, in the amount of $5,741.80. In doing so, the court cited 18 U.S.C. § 3664(d)(5), stating that Lewis "subsequently discovered further losses" and had good cause for failure to include them originally since she had to obtain them from various companies. Mot. Hr'g at 19, No. 09-50010, ECF No. 55.

## II. Discussion

We review a district court's decision to award restitution for abuse of discretion. United States v. Adetiloye, 716 F.3d 1030, 1038 (8th Cir. 2013). And we

review questions of statutory interpretation de novo. United States v. Balentine, 569 F.3d 801, 802 (8th Cir. 2009).

The Mandatory Victims Restitution Act of 1996 ("MVRA") requires a court to order full restitution to the identifiable victims of certain crimes, without regard to the defendant's economic circumstances. 18 U.S.C. §§ 3663A–3664. As this court has explained before, "[t]he primary and overarching goal of the MVRA is to make victims of crime whole, to fully compensate these victims for their losses and to restore these victims to their original state of well-being." Balentine, 569 F.3d at 806 (quotation omitted).

To this end, the statute details the procedures for ordering restitution. The sentencing court may order the probation officer to prepare a report of the "complete accounting of the losses to each victim." 18 U.S.C. § 3664(a). The prosecutor, upon request, "shall promptly provide the probation officer with a listing of the amounts subject to restitution" no later than 60 days before sentencing. 18 U.S.C. § 3664(d)(1). However, the MVRA explicitly permits a belated award of restitution in two circumstances:

> If the victim's losses are not ascertainable by the date that is 10 days prior to sentencing, the attorney for the Government or the probation officer shall so inform the court, and the court shall set a date for the final determination of the victim's losses, not to exceed 90 days after sentencing. If the victim subsequently discovers further losses, the victim shall have 60 days after discovery of those losses in which to petition the court for an amended restitution order. Such order may be granted only upon a showing of good cause for the failure to include such losses in the initial claim for restitutionary relief.

18 U.S.C. § 3664(d)(5).

Zaic argues that because these procedural requirements were not strictly followed, the district court lacked authority to order the additional restitution for medical expenses.[3] There is no dispute that the additional medical expenses were not determined 60 days prior to sentencing, as contemplated by 18 U.S.C. § 3664(d)(1). Nevertheless, Lewis notified the probation officer through her Declaration of Victim Losses and Victim Impact Statement that she was seeking restitution for medical expenses—both insurance premiums and out-of-pocket costs.[4] Appellee's Br. at 5–6. Lewis also made clear in these documents that she had incurred additional losses, but did not yet have all those receipts. Id. Admittedly, Lewis submitted these documents 9, not 10, days before the sentencing hearing. The record does not indicate that the prosecutor or the probation officer notified the court 10 days (or even 9 days) prior to sentencing that "the victim's losses [were] not ascertainable." 18 U.S.C. § 3664(d)(5). And the district court ordered the additional restitution 133 days, not 90 days, after the initial sentencing hearing. Zaic is thus correct that the procedural provisions of 18 U.S.C. § 3664(d)(5) were not strictly followed.

However, a district court is not necessarily divested of the power to order restitution when the government or the court fails to perfectly comply with the MVRA's procedural provisions. See Dolan v. United States, 560 U.S. 605, 611 (2010); see also Balentine, 569 F.3d at 807. In Dolan, the Supreme Court addressed the 90-day deadline for ordering restitution in 18 U.S.C. § 3664(d)(5). There, the district court did not order any restitution until approximately 3 months after the

---

[3]Zaic concedes that absent his procedural arguments, the amount of restitution is not unreasonable or unjustified. Appellant Reply Br. at 4; see also Def.'s Supplemental Reply Mem. Regarding Restitution at 4, No. 09-50010, ECF No. 43.

[4]The district court appeared to treat the medical expenses as "subsequently discover[ed] losses." See Mot. Hr'g at 19, No. 09-50010, ECF No. 55. However, "we may affirm the district court's judgment on any basis supported by the record." Reuter v. Jax Ltd., Inc., 711 F.3d 918, 922 (8th Cir. 2013) (citing United States v. Sager, 743 F.2d 1261, 1263 n.4 (8th Cir. 1984)).

90-day deadline. <u>Dolan</u>, 560 U.S. at 609. The Court held "[t]he fact that a sentencing court misses the [MVRA's] 90-day deadline, even through its own fault or that of the Government, does not deprive the court of the power to order restitution." <u>Id.</u> at 611. <u>Dolan</u> straightforwardly disposes of Zaic's argument that missing the 90-day deadline automatically precludes the district court from ordering restitution.

The Supreme Court in <u>Dolan</u> indicated that a delay in ordering restitution might still prejudice a defendant and threaten his due process rights. <u>See</u> <u>id.</u> at 616–17 (describing that a delay could, for example, deprive a defendant "of evidence to rebut the claimed restitution amount"). However, the only prejudice Zaic alleges is that Lewis "was afforded an opportunity to present new claims to the court which were untimely and had previously been abandoned." Appellant's Br. at 29. He does not claim the amount of restitution is unwarranted or unreasonable. Zaic's alleged prejudice is thus indistinguishable from his argument that the procedures in 18 U.S.C. § 3664 were not strictly followed. <u>Accord</u> <u>United States v. Qurashi</u>, 634 F.3d 699, 705 (2d Cir. 2011) (finding a defendant's bare assertion of prejudice insufficient to undermine the district court's authority to order restitution).

Moreover, even if Zaic disputed the amount of restitution, he had adequate notice that Lewis was seeking restitution for medical expenses. Prior to sentencing, Zaic obtained a copy of the Declaration of Victim Losses, in which Lewis requested both health insurance premiums and out-of-pocket expenses. <u>See</u> Sentencing Tr. at 4, No. 09-50010, ECF No. 41. The district court acknowledged the medical expenses at sentencing when it referenced the Declaration of Victim Losses, asking "[i]s the government seeking [the $12,730] also as restitution?" <u>Id.</u> at 3. This $12,730 figure included $3,960 in health insurance premiums as well as $8,770 in out-of-pocket medical expenses. The district court more explicitly mentioned out-of-pocket expenses when asking Zaic's counsel: "[I]s it fair to say that your client paid zero dollars toward insurance or the deductible?" <u>Id.</u> at 5. And the government again noted the medical expenses in its brief submitted prior to the restitution hearing.

Resp. Opposing Def.'s Mem. Regarding Restitution at 1–3, No. 09-50010, ECF No. 37.

Zaic also does not explain why the 10-day notification deadline should be more strictly enforced than the 90-day restitution determination deadline. Dolan does not support that distinction. The Court in Dolan relied on several general characteristics of the MVRA to justify its conclusion that a district court could order restitution beyond the 90-day deadline. See Dolan 560 U.S. at 610–16 (When determining the consequences of a missed deadline, "this Court has looked to statutory language, to the relevant context, and to what they reveal about the purposes that a time limit is designed to serve."). First, the MVRA "does not specify a consequence for noncompliance with its timing provisions," so a court need not read one into the statutory language. Id. at 611 (quotation omitted). Second, "the statute's text places primary weight upon, and emphasizes the importance of, imposing restitution upon those convicted of certain federal crimes." Id. at 612. And third, "to read the statute as depriving the sentencing court of the power to order restitution would harm those—the victims of crime—who likely bear no responsibility for the deadline's being missed and whom the statute also seeks to benefit." Id. at 613–14. This reasoning applies with equal force to the MVRA's 10-day notification deadline.

Zaic attempts to distinguish Dolan by explaining that the Court only permitted a restitution order there because "the sentencing court made clear prior to the deadline's expiration that it would order restitution, leaving open (for more than 90 days) only the amount." Id. at 608. In contrast, Zaic argues the district court in this case did not specify that it would order additional restitution. Rather, it left open a legal question about whether restitution could be awarded for healthcare premiums. Yet the district court stated at the sentencing hearing, "I have at least 90 days to determine any additional restitution, so I will award the $43,622.40 [for child support arrearages] today." Sentencing Tr. at 6, No. 09-50010, ECF No. 41 (emphasis added).

As in <u>Dolan</u>, Zaic was on notice that he would have to pay restitution, though the amount was subject to change. He also knew Lewis was seeking restitution for out-of-pocket expenses. The district court even specifically asked whether Zaic had paid toward either the insurance or the deductible. When the defendant is on notice that restitution could be ordered, "delay at worst postpones the day of financial reckoning." <u>Dolan</u>, 560 U.S. at 615.

Lewis attempted to inform the necessary parties that she had further losses that were not yet ascertainable. The prosecution and the probation officer may have neglected to inform the court in a timely manner that some losses remained unascertainable prior to sentencing. However, "[o]ur interpretation of the [MVRA] must be guided by th[e] substantive purpose, and must 'conform to the great principle of public policy, applicable to all governments alike, which forbids that the public interests should be prejudiced by the negligence of the officers or agents to whose care they are confined.'" <u>Adetiloye</u>, 716 F.3d at 1040 (quoting <u>United States v. Montalvo-Murillo</u>, 495 U.S. 711, 718 (1990)). We therefore find in this case that the district court had authority to order restitution for medical expenses post-sentencing. <u>See</u> <u>United States v. Fumo</u>, 655 F.3d 288, 321–22 (3d Cir. 2011) (holding that missing the 10-day deadline does not deny the district court power to order prejudgment interest on a restitution award after sentencing); <u>see also</u> <u>United States v. Johnson</u>, 400 F.3d 187, 199 (4th Cir. 2005).

## III. Conclusion

For these reasons, the judgment of the district court is affirmed.

_____