# United States Court of Appeals
### For the Eighth Circuit
_____

No. 21-1499
_____

United States of America

*Plaintiff - Appellee*

v.

Jason Woodring

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central
_____

Submitted: January 14, 2022
Filed: May 23, 2022
_____

Before BENTON, SHEPHERD, and STRAS, Circuit Judges.
_____

BENTON, Circuit Judge.

Jason Woodring pled guilty to destruction of an energy facility, use of fire to commit a felony, and possession of a firearm/ammunition by an unlawful user of a controlled substance in violation of 18 U.S.C. § 1366(a), 18 U.S.C. § 844(h), and 18 U.S.C. § 922(g)(3). The district court sentenced him to 180 months in prison and ordered a $400 special assessment and $4,840,953.45 in restitution. Having jurisdiction under 28 U.S.C. § 1291, this court vacates the order and remands.

At sentencing, the district court said it would require Woodring pay during incarceration "50 percent per month of all funds available to him." Woodring requested, and the government did not object, to amending the requirement to "50 percent of income earned by him while he's incarcerated." In the judgment, the "Schedule of Payments" required Woodring pay during incarceration "50 percent per month of all funds that are available to him." In the same judgment, the "Additional Terms for Criminal Monetary Penalties" required Woodring pay during incarceration "50 percent per month of earned income available to him." The judgment did not define the term "earned income."

In January 2021, the government moved to authorize a $1,000.87 payment from Woodring's inmate trust account. It asserted, "Because of a COVID-19 stimulus package, the defendant's inmate account had a balance of $2,001.75," and that the government was entitled to 50% of the balance for restitution. He had then paid only $50 towards his restitution debt. Woodring objected, arguing the money was not "earned income" as defined by 26 U.S.C. § 32(c)(2)(A). *See* **26 U.S.C. § 32(c)(2)(A)(i)** (defining earned income in the Internal Revenue Code as "wages, salaries, tips, and other employee compensation, but only if such amounts are includible in gross income for a taxable year"). Without explanation, the court granted the motion, ordering Woodring to pay $1,000.87 from his inmate trust account for restitution. Woodring appeals.

This court reviews for abuse of discretion. *See **United States v. Raifsnider**,* 846 Fed. Appx. 423, 423 (8th Cir. 2021). The district court made no findings of fact about the source of the money in Woodring's account. The government asserts, "Woodring received a COVID-19 stimulus payment, which made balance of his BOP account rise to $2,001.75." However, the record does not show the amount of the stimulus check or the amount in his account before its deposit.

The district court must first determine the source of the funds. After establishing the source of the funds, it must determine if applying the funds to restitution is proper. Restitution may be proper under 18 U.S.C. § 3664(n) if the

funds are "substantial resources from any source, including inheritance, settlement, or other judgment."[1]  The government argues the stimulus check was a receipt of substantial resources under § 3664(n).  As in *United States v. Kidd*, however, the record here is insufficient to show whether the money in Woodring's account included the "receipt of 'substantial resources' from outside sources that would be subject to § 3664(n)."  **Kidd**, 23 F.4th 781, 787 (8th Cir. 2022).  *See* **United States v. Hughes**, 914 F.3d 947, 951 (5th Cir. 2019) (holding that "the gradual accumulation of prison wages" does not constitute "substantial resources" that fits within § 3664(n)'s ambit); **United States v. Poff**, 781 Fed. Appx. 593, 594-95 (9th Cir. 2019) (same).

Because of the lack of a record in this case, this court is precluded from any meaningful appellate review, and the case must be remanded for fact-finding. *See* **United States v. Howard**, 989 F.3d 1068, 1070 (8th Cir. 2021) (vacating the district court's order because this court was "unable to conduct meaningful appellate review of the district court's order").  This court remands to the district court "to determine the exact composition of the account balance and to determine if the government's turnover motion is properly considered pursuant to § 3664(n)" or another section. **Poff**, 781 Fed. Appx. at 595.

\* \* \* \* \* \* \*

The judgment is vacated and the case remanded for further proceedings consistent with this opinion.

———————————————

[1]The government also argues, for the first time on appeal, that restitution is proper under 18 U.S.C. § 3664(k), which allows the district court, on its own motion or a motion by a party, to "adjust the payment schedule, or require immediate payment in full" upon notification of a "material change in the defendant's economic circumstances."  At oral argument, the government conceded that it did not notify the victims of the change in circumstances as required under § 3664(k), so that cannot be a basis for the court's order.