# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-2929
_____

United States of America,

*Plaintiff - Appellee*,

v.

Anthony Robinson,

*Defendant - Appellant*.
_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis
_____

Submitted: April 12, 2022
Filed: August 10, 2022
_____

Before COLLOTON, MELLOY, and GRUENDER, Circuit Judges.
_____

COLLOTON, Circuit Judge.

Federal inmate Anthony Robinson appeals an order of the district court directing the Bureau of Prisons to turn over all funds in Robinson's inmate trust account for payment toward an outstanding restitution obligation. We conclude that the order is not adequately supported, and therefore vacate the order and remand for further proceedings.

I.

In 2013, the district court sentenced Robinson to life imprisonment for murder in aid of racketeering activity and conspiracy to commit racketeering. The court ordered Robinson to pay $14,186.17 in restitution, owed jointly and severally with two co-defendants, and a $500 special assessment. The judgment states that all "criminal monetary penalties are due in full immediately," but that if the "defendant cannot pay in full immediately, then the defendant shall make payments under" a "minimum payment schedule." The payment schedule in the judgment recommends that Robinson "pay criminal monetary penalties through an installment plan in accordance with the Bureau of Prisons' Inmate Financial Responsibility Program at the rate of 50% of the funds available to the defendant."

In May 2021, the government moved the district court to authorize the Bureau of Prisons to turn over to the clerk of the court all funds held in Robinson's inmate trust account for payment toward his restitution obligation. The government asserted that Robinson still owed $12,151.77 in criminal monetary penalties, and that the Bureau of Prisons had funds totaling $2,753.21 in Robinson's inmate trust account. At the request of the United States Attorney, the Bureau of Prisons had encumbered these funds against transfer. The motion stated that "[u]pon information and belief, some of these encumbered funds are tax credit payments issued" pursuant to the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act") or "subsequent stimulus legislation related to the ongoing COVID-19 coronavirus pandemic." *See* Pub. L. No. 116-136, § 2201, 134 Stat. 281, 335 (2020). The government's reply brief in the district court asserted that Robinson "recently received a $1,400.00 stimulus check."

The government, however, introduced little evidence in support of its motion. The only relevant evidence is a two-page printout from the Bureau of Prisons bearing Robinson's name. The document is entitled "INMATE FINANCIAL

RESPONSIBILITY: DISPLAY INMT FINANCIAL OBLG ADJUSTMENTS," and it records the dates and amounts of certain "payments." The document lists several "inside" payments of $25 each, and two "outside" payments in the amounts of $250 and $1,420.43, respectively. No witness or affidavit explained the significance of these payments, including the meaning of "inside" and "outside" or whether the "payments" were incoming or outgoing. Although one entry refers to a "payment" of $1,420.43, we have located no evidence confirming that Robinson received a stimulus check in the amount of $1,400.00.

Without a hearing, the district court granted the government's motion to release the funds in Robinson's account. The court found that Robinson had an inmate trust account with a balance of $2,753.21, that he still owed $12,151.77 in criminal monetary penalties, and that the money in his account came "in part from tax credit payments issued by the Treasury Department related to COVID-19 stimulus relief legislation." The court cited no particular evidence and made no finding about what amount of money Robinson had received in the form of tax credit payments. Citing several statutory provisions relating to restitution, *see* 18 U.S.C. §§ 3613(a), (c), 3664(k), (n), the court ordered the Bureau of Prisons to turn over to the clerk of court "all funds in the inmate trust account of Defendant Anthony Robinson as payment toward the criminal monetary penalties imposed against him."

Robinson appeals. We consider the meaning of the restitution statutes *de novo*, and we review the district court's decision to require an application of funds under § 3664(n) for abuse of discretion. *United States v. Kidd*, 23 F.4th 781, 785 (8th Cir. 2022).

## II.

A district court may order restitution only when authorized by statute. *United States v. Balentine*, 569 F.3d 801, 802 (8th Cir. 2009). A court's power to order the

turnover of funds held in an inmate trust account likewise depends on a statutory source of authority. *See Kidd*, 23 F.4th at 787-88. The government contends that the district court possessed authority under 18 U.S.C. § 3613, § 3664(n), or § 3664(k) to order turnover of the funds. We conclude, however, that the cited authorities are insufficient on this record.

The government first relies on the fact that an order of restitution is a lien in favor of the United States on all non-exempt property of the defendant. 18 U.S.C. § 3613(c). Funds held in an inmate trust account are not exempt from enforcement. *See id.* § 3613(a)(1); *United States v. Rand*, 924 F.3d 140, 144 (5th Cir. 2019) (per curiam). The United States may enforce its lien "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." 18 U.S.C. § 3613(a).

The district court, however, cited § 3613(a) only for the proposition that Robinson's funds were not exempt from enforcement. The court did not assert that § 3613(a) is a self-executing means to enforce a lien, and did not rely on § 3613 as authority to order that the funds be turned over to the clerk of court. Rather, the court cited restitution provisions in § 3664 as the basis for turnover and collection. We therefore decline to affirm the order based on § 3613 alone, and do not address on this record what authority is available to a district court under that section.

The district court did rely on 18 U.S.C. § 3664(k) as a basis for ordering the Bureau of Prisons to turn over the funds in Robinson's account. That provision provides that if a defendant experiences "any material change" in his "economic circumstances that might affect the defendant's ability to pay restitution," then the district court may "adjust the payment schedule, or require immediate payment in full, as the interests of justice require." *Id.* § 3664(k). The court's order, however, did not "adjust the payment schedule" set forth in the judgment or "require immediate payment in full." The court simply ordered the Bureau of Prisons to release all funds

from Robinson's inmate trust account. That action was not an exercise of authority under § 3664(k). *See United States v. Hughes*, 914 F.3d 947, 951 (5th Cir. 2019).

The district court also relied on 18 U.S.C. § 3664(n). That subsection provides that if "a person obligated to provide restitution, or pay a fine, receives substantial resources from any source," then the person "shall be required to apply the value of such resources to any restitution or fine still owed." 18 U.S.C. § 3664(n). The government argues that any payment that Robinson received under the CARES Act constitutes "substantial resources" under § 3664(n), and that Robinson should be required to apply those funds toward his outstanding restitution obligation. *See United States v. Toole*, No. 21-10651, 2022 WL 503736, at *2 (11th Cir. Feb. 18, 2022) (per curiam).

After the district court entered its order, this court ruled that the substantial resources affected by § 3664(n) are not limited to "windfalls or sudden financial injections," but also declared that the provision "does not apply to prison wages." *United States v. Kidd*, 23 F.4th 781, 786-87 (8th Cir. 2022). Robinson argues that the district court erred by relying on § 3664(n) without determining the provenance of the funds that were subject to the order. As in *Kidd*, the district court here did not make findings of fact about the source of all funds in the inmate trust account. The court did advert to tax credit payments, but the order did not specify the amount of any such payments, and the government did not present evidence that would clarify the matter. Whether or not Robinson requested a hearing, the government was required in light of *Kidd* to show that the disputed funds qualified as "substantial resources" if it sought to rely on § 3664(n) to recover the entire balance of the account. Therefore, a remand is required for additional findings of fact regarding the application of § 3664(n). *See United States v. Woodring*, 35 F.4th 633, 635 (8th Cir. 2022).

For these reasons, the district court's order of August 10, 2021, is vacated, and the case is remanded for further proceedings consistent with this opinion.

_____