# United States Court of Appeals

### For the Eighth Circuit

_____

No. 21-2658

_____

United States of America

*Plaintiff - Appellee*

v.

John Willard Greywind

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of North Dakota

_____

Submitted: June 13, 2022
Filed: January 10, 2023
[Unpublished]

_____

Before GRUENDER, BENTON, and GRASZ, Circuit Judges.

_____

PER CURIAM.

John Greywind is currently serving a sentence of 120 months of imprisonment after pleading guilty to voluntary manslaughter in violation of 18 U.S.C. §§ 1112 and 1153. As part of his sentence, Greywind was also required to pay $4,184.54 in restitution through installment payments based on inmate earnings "and not less than $25 per quarter." In June 2021, the government filed a motion to release funds,

seeking turnover of funds from Greywind's inmate trust account under 18 U.S.C. §§ 3613(a) and 3664(n). Greywind objected, claiming the funds in question were "Economic Impact Payment[s]" provided through various COVID-related tax relief provisions and therefore exempt. The district court[1] granted the government's motion and ordered the Bureau of Prisons to turn over approximately $3,100 from Greywind's trust account for application toward his outstanding restitution obligations. The district court concluded the funds were not exempt under 18 U.S.C. § 3613(a)(1) and there was a valid lien against the funds.

Greywind argues on appeal (1) the government lacked authority to collect more than the scheduled installment payments, (2) the district court failed to adequately identify the source of the funds to avoid collecting exempt funds, and (3) the release was not justified under 18 U.S.C. § 3664(k). Because the installment schedule does not preclude release under § 3664(n) and no dispute exists about the sources of the funds, we affirm.

We review a district court's order to grant the turnover of funds from an inmate's trust account for abuse of discretion and its statutory interpretation de novo. *See United States v. Robinson*, 44 F.4th 758, 760 (8th Cir. 2022). However, this court applies a plain error standard when reviewing arguments raised for the first time on appeal. *See United States v. Beston*, 43 F.4th 867, 873 (8th Cir. 2022). Under plain error review, we reverse only if there is "(1) an error, (2) that was plain, (3) affects substantial rights," and (4) "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Rush-Richardson*, 574 F.3d 906, 910 (8th Cir. 2009) (cleaned up).

Greywind argues, for the first time on appeal, the district court erred by ordering the release of funds in excess of the amount required in the oral pronouncement during sentencing for restitution installment payments. Greywind

---

[1]The Honorable Peter D. Welte, Chief Judge, United States District Court for the District of North Dakota.

is correct that "when an oral sentence and the written judgment conflict, the oral controls." *United States v. Bertucci*, 794 F.3d 925, 930 (8th Cir. 2015) (quoting *United States v. Mayo*, 642 F.3d 628, 633 (8th Cir. 2011)). Here, however, the oral sentence's general payment scheme only sets a minimum payment and must defer to the statutory mandate of § 3664(n). Under its plain language, § 3664(n) triggers a mandatory payment requirement to satisfy restitution obligations still owed without a limitation as to whether an installment payment plan exists or the defendant is in default. *See United States v. Kendrick*, No. 10-CR-6096-FPG, 2022 WL 1819390, at *4 & n.4 (W.D.N.Y. June 3, 2022) (slip op.) (noting § 3664(n) triggered by receipt of a windfall during imprisonment without a statutory requirement for default); *but see United States v. Raifsnider*, 846 F. App'x 423, 424 (8th Cir. 2021) (unpublished) (noting clear authority must exist to override payment plan to obtain funds representing sixteen years of inmate's savings).

Generally, "[f]unds held in an inmate trust account are not exempt from enforcement" of a lien, such as a restitution order. *Robinson*, 44 F.4th at 760. Rather, as the plain language of § 3664(n) requires, money within an inmate trust account will be applied to a defendant's restitution obligations if it qualifies as "substantial resources from any source." *See* 18 U.S.C. § 3664(n). Greywind does not dispute the tax relief payments are substantial resources. But because not all funds contained in a trust account may be considered as such, we must determine the composition of trust account funds. *See United States v. Kidd*, 23 F.4th 781, 787 (8th Cir. 2022) (noting "substantial resources" do not include the accumulation of funds from prison wages); *see also United States v. Evans*, 48 F.4th 888, 892 (8th Cir. 2022) (noting this circuit has not decided the issue, but "[t]he few courts to consider the issue have concluded that COVID-19 stimulus payments are the 'receipt of substantial resources' under § 3664(n)"); *see, e.g.*, *United States v. Wade*, 580 F. Supp. 3d 661, 665 (D. Neb. 2022) ("An influx of stimulus funds represents receipt of substantial resources [ ] that, under 18 U.S.C. § 3664(n) must be applied to outstanding restitution obligations.").

The source of funds here is not disputed. Greywind admitted $3200 came from COVID-related tax relief payments, noting he had spent some of the funds. Unlike the situations in *United States v. Woodring*, 35 F.4th 633 (8th Cir. 2022), and *Evans*, 48 F.4th at 891–92, meaningful appellate review is possible because the record indicates the amount of the tax relief payments. Accordingly, the district court had evidence, coming from Greywind himself, that the money was not an exempt accumulation of wages, but was instead a non-exempt "windfall or substantial financial injection." *See Kidd*, 23 F.4th at 785 (quoting *United States v. Hughes*, 914 F.3d 947, 951 (5th Cir. 2019)). This allowed the district court to consider turnover of the funds under § 3664(n).

The district court did not commit plain error. Because we determine the restitution installment schedule does not bar turnover of the funds, whose source was undisputed, in Greywind's inmate trust account under § 3664(n), there is no need for us to address the remaining issues raised on appeal. The judgment of the district court is affirmed.

_____